UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| MICHAEL D. SINGLETON, | : | Case No. 2:23-cv-164 |
| Petitioner, | : | |
| vs. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| LEBANON CORRECTIONAL INSTITUTION WARDEN, | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Michael D. Singleton submitted a habeas corpus petition to this Court on January 13, 2023. (Doc. 1, PageID 1). On January 20, 2023, this Court ordered Petitioner to address two preliminary issues with the case. (Deficiency Order, Doc. 2). First, Petitioner was "**ORDERED** to either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* on the appropriate form," within thirty days. (*Id*., PageID 17). *See Simons v. Washington*, 996 F.3d 350, 352 (6th Cir. 2021) (citing 28 U.S.C. § 1914(a)) ("A litigant who files a lawsuit in federal court generally must pay a filing fee. Insolvent litigants, including prisoners, may request permission to proceed without initially paying a filing fee, a benefit that comes with *in forma pauperis* status."). To assist Petitioner, the Court directed the Clerk of Court to send Petitioner a blank copy of the application to proceed *in forma pauperis* form to use. (*Id*.). Petitioner was also ordered to sign and re-submit his Petition, which had been unsigned when he initially submitted it. (Doc. 2, PageID 18; *See* Doc. 1, PageID 16). The Court advised Petitioner "that if he fails to comply with either part of this Deficiency Order, his case may be dismissed for failure to prosecute." (Doc. 2, PageID 18).

Petitioner promptly signed and re-submitted his Petition. (*See* Doc. 3). He also submitted a letter to the Clerk, dated February 21, 2023, indicating that he needed "a few more days" to pay the $5.00 filing fee. (Doc. 4). The Court construed the letter as a motion for an extension of time and granted it, giving Petitioner an additional thirty days to pay the fee or submit an *in forma pauperis* application. (Doc. 5). The Court again sent Petitioner a copy of the appropriate *in forma pauperis* form to use. (*See* Doc. 5-1).

Since that March 3, 2023 Order (Doc. 5), Petitioner has not paid the filing fee or applied to proceed *in forma pauperis* and without paying the fee. No other action has been taken in the case.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b) (applicable here under Rule 12, Habeas Rules ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")). Here, Petitioner was warned that his case might be dismissed if he did not comply with the Court's Deficiency Order, but he did not comply. (*See* Doc. 2, PageID 18). He has taken no action in the case in nearly two months. (*See* Doc. 4).

Accordingly, the Undersigned **RECOMMENDS** that this Court **DISMISS** Petitioner's habeas corpus action, without prejudice, for failure to prosecute. *See Gravitt v. Tyszkiewicz*, 14 F.

App'x 348, 349 (6th Cir. 2001) (affirming dismissal of petitioner's habeas corpus matter for want of prosecution, where a "deficiency order clearly stated the documentation that must be submitted in order to apply to proceed *in forma pauperis*" and "expressly warned [petitioner] that failure to comply with the order would result in the dismissal of his case for want of prosecution").

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Petitioner has failed to prosecute his case where he failed to comply with the Court's Deficiency Order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Fitten v. Tennessee*, No. 1:15-cv-1157, 2016 WL 4705599, at *4 (W.D. Tenn. Sept. 8, 2016) (The law regarding dismissal for failure to prosecute is clear and reasonable jurists would not disagree on its application in this case.").

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

April 21, 2023  *s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
UNITED STATES MAGISTRATE JUDGE