UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| MICHAEL D. SINGLETON, | : | Case No. 2:23-cv-164 |
| | : | |
| Petitioner, | : | |
| | : | Chief Judge Algenon L. Marbley |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| LEBANON CORRECTIONAL INSTITUTION WARDEN, | : | |
| | : | |
| Respondent. | : | |

# ORDER

Michael D. Singleton, a state prisoner who is proceeding without the assistance of counsel, submitted a habeas corpus petition to this Court on January 13, 2023. (Doc. 1, PageID 1). On April 21, 2023, the Undersigned recommended that this Court dismiss the case because Petitioner had not paid the filing fee as ordered or moved to proceed *in forma pauperis*. (*See* Deficiency Order, Doc. 2; Order Granting Extension of Time, Doc. 5; Report and Recommendation, Doc. 6).

On May 15, 2023, the Court received from Petitioner two Objections to the Report and Recommendation, a letter to the Clerk of Court, and an Application to proceed *in forma pauperis*. (*See* Doc. 7, 8, 9, 10).[1] In these documents, Petitioner represents to the Court that he previously submitted an Application to proceed *in forma pauperis* but it was not received by the Court for unknown reasons. (Doc. 7, 8, 9).

Based on this representation and because the Court has now received Petitioner's Application to proceed *in forma pauperis* (Doc. 10), the Undersigned **WITHDRAWS** the April

---

[1] These documents and their attachments are variously dated April 26, 28, and 29, 2023, and May 4, 2023. (Doc. 7, 8, 9, 10). The envelopes in which they were mailed are postmarked May 8 and 9, 2023. (*See* Doc. 7, PageID 52; Doc. 8, PageID 67; Doc. 10, PageID 79). The Court has not received any previous submissions.

21, 2023 Report and Recommendation. (Doc. 6).  The Court will consider the Application and Petition submitted by Petitioner.

Petitioner's Application to proceed *in forma pauperis* (Doc. 10) is **GRANTED**.  It is **ORDERED** that Petitioner be allowed to prosecute this action without payment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915.  The Court's Deficiency Order (Doc. 2) is **SATISFIED**.

Turning to a preliminary review of the operative Petition (Doc. 3) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that Petitioner is not entitled to relief in this Court.  Accordingly, Respondent is **ORDERED** to file an answer conforming to the requirements of Rule 5 of the Rules Governing Section 2254 Cases **WITHIN SIXTY DAYS** of the date of filing of this Order.  Specifically, said Answer must respond to each of Petitioner's allegations, raise any affirmative defenses, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the Answer, Respondent must file those portions of the state-court record needed to adjudicate this case.  When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page.  All papers filed in the case thereafter by either party must include record references to the PageID number.  Prior to filing the state-court record, Respondent's counsel must ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.  In addition, the record must be indexed by insertion of

"bookmarks" in the .pdf version of the state-court record uploaded to the Court's CM/ECF system that display each exhibit and the name of that exhibit in the record.

As required by Rule 5 of the Federal Rule of Civil Procedure, a complete copy of the Answer and state-court record with the PageID numbers must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after the Answer is filed, file and serve a reply to the Answer.

The Clerk of Court is **DIRECTED** to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@OhioAGO.gov and Habeas.docketclerk@OhioAGO.gov.

**IT IS SO ORDERED.**

May 18, 2023                                        *s/Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE